# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50671
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

FRANCISCO ESCOBEDO-SANTILLAN,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CR-1050-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Francisco Escobedo-Santillan was indicted under 8 U.S.C. § 1326 for illegally reentering the United States. Citing *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the district court granted Escobedo-Santillan's motion to dismiss the indictment based on the conclusion that the notice to appear in his underlying removal proceedings failed to specify a time and date and that, therefore, the immigration court lacked jurisdiction and the removal order was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

void.    The Government appeals and has filed an unopposed motion for summary disposition, arguing that the district court's dismissal of the indictment was erroneous in light of our recent decision in *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588).  Alternatively, the Government moves for an extension of time in which to file a brief.

Summary disposition is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  In *Pedroza-Rocha*, 933 F.3d at 492-93, the district court dismissed an indictment charging the defendant with a violation of § 1326 based on the reasoning that the notice to appear was defective because it did not specify a date and time for the removal hearing and that, therefore, the removal order was void.  Our court reversed, concluding that the notice to appear was not defective, that the alleged defect would not deprive an immigration court of jurisdiction, and that § 1326(d) barred the defendant from collaterally attacking his removal order because he had failed to exhaust his administrative remedies.  *Id*. at 496-98.

*Pedroza-Rocha* forecloses Escobedo-Santillan's arguments.  *See id.* Accordingly, the Government's motion for summary disposition is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, the judgment of the district court is REVERSED, and this matter is REMANDED for further proceedings.